| | |
|---|---|
| 1 | Joseph A. Kaufman, No. 228319 |
| | Isaac S. Agyeman, No. 294833 |
| 2 | **JOSEPH KAUFMAN & ASSOCIATES, INC.** |
| | 54 E. Holly Street |
| 3 | Pasadena, CA 91103 |
| | Telephone: 626-250-0405 |
| 4 | Facsimile: 626-768-7066 |
| | joe@lemonlawaid.com |
| 5 | isaac@lemonlawaid.com |
| 6 | Attorneys for Plaintiff MARIANA STRAMIELLO |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | | |
|---|---|---|
| MARIANA STRAMIELLO, an individual, | | Case No. |
| | Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | | 1. **BREACH OF EXPRESS WARRANTY OBLIGATIONS;** |
| GENERAL MOTORS, LLC, and DOES 1 through 10, inclusive, | | 2. **BREACH OF IMPLIED WARRANTY OBLIGATIONS;** |
| | Defendants. | 3. **BREACH OF MAGNUSON-MOSS WARRANTY ACT;** |
| | | 4. **BREACH OF CALIFORNIA UNIFORMAL COMMERCIAL CODE; AND,** |
| | | 5. **FAILURE TO COMMENCE REPAIRS WITH A REASONABLE TIME.** |
| | | 6. **FAILURE TO REPAIR IN A GOOD AND WORKMANLIKE MANNER** |
| | | *Assigned for all purposes to the Hon. in Dept.* |

Plaintiff MARIANA STRAMIELLO, alleges as follows:

**COMPLAINT FOR DAMAGES**

# GENERAL ALLEGATIONS
# COMMON TO ALL CAUSES OF ACTION

1. PLAINTIFF is an individual residing in Temecula, County of Riverside, State of California.

2. PLAINTIFF is informed and believed, and thereon allege, that Defendant GENERAL MOTORS, LLC (hereinafter referred to as ("GM"), is, and at all times herein mentioned was, a limited liability company duly licensed and/or authorized to conduct business in, and conducting business in the County of Riverside, State of California.

3. a) The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sue these Defendants by such fictitious names, and PLAINTIFF will seek leave to amend this Complaint to set forth their true names and capacities when ascertained.

   b) PLAINTIFF is informed and believed, and thereon allege, that each of the Defendants designated herein as a "DOE" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to PLAINTIFF as herein alleged.

4. a) PLAINTIFF is informed and believed, and thereon allege, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants.

   b) PLAINTIFF is informed and believed, and thereon allege, that in doing the things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and/or with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

5. PLAINTIFF is informed and believed, and thereon allege, that Defendants GM and/or DOES 1 through 10, inclusive, and each of them

1  (hereinafter individually and collectively referred to as the ( "MANUFACTURER"), manufactured and/or distributed, in the United States and the State of California, a consumer good identified as a 2021 Buick Enclave, VIN 5GAERBKWXMJ17526 (hereinafter referred to as the "SUBJECT VEHICLE"), for its eventual sale to retail buyers.

6. At all times mentioned herein, the SUBJECT VEHICLE was, and is, a "new motor vehicle" as defined at Civil Code § 1793.22(e)(2) of the Song-Beverly Consumer Warranty Act, Civil Code §§ 1790 et seq., in that said SUBJECT VEHICLE was a new motor vehicle purchased with the MANUFACTURER's new car warranty.

7. PLAINTIFF purchased the SUBJECT VEHICLE for personal, family, and/or household purposes, from TEMECULA VALLEY BUICK GMC, an authorized dealer and agent of MANUFACTURER, and/or DOES 1 through 10, inclusive, and each of them (hereinafter individually and collectively referred to as "DEALER"), retail merchants authorized by MANUFACTURER to do business in the State of California on behalf of MANUFACTURER, for a total consideration over the term of the contract for $56,762.76.

8. The SUBJECT VEHICLE was sold to PLAINTIFF in the County of Riverside with express warranties that the SUBJECT VEHICLE would be free from defects in materials, nonconformities, or workmanship during the applicable warranty period and to the extent the SUBJECT VEHICLE had defects, GM would repair the defects.

9. PLAINTIFF duly performed all the conditions on her part under the purchase contract and under each of the warranties referenced above, except insofar as the acts and/or omissions of all Defendants herein, and each of them, as hereinafter alleged, prevented and/or excused such performance.

10. a) On or about January 5, 2022, and at an odometer reading of or around 9,606 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for

repairs under the warranties referenced above because it exhibited defects, non-conformities, maladjustments or malfunctions relating to oil leak, electrical defects, and other issues. This repair attempt was covered by one or more of the applicable warranties issued by MANUFACTURER.

      b)    On or about February 19, 2022, and at an odometer reading of or around 10,634 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for repairs under the warranties referenced above because it exhibited defects, non-conformities, maladjustments or malfunctions relating to a defective passenger seat switch knob. This repair attempt was covered by one or more of the applicable warranties issued by MANUFACTURER.

      c)    On or about May 19, 2022, and at an odometer reading of or around 13,316 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for repairs under the warranties referenced above because it exhibited defects, non-conformities, maladjustments or malfunctions relating to check engine light and exhaust issues. This repair attempt was covered by one or more of the applicable warranties issued by MANUFACTURER.

      d)    On or about January 2, 2023, and at an odometer reading of or around 24,490 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for repairs under the warranties referenced above because it exhibited defects, non-conformities, maladjustments or malfunctions relating to engine, exhaust issues, braking issues, and other issues. This repair attempt was covered by one or more of the applicable warranties issued by MANUFACTURER.

      e)    On or about August 21, 2023, at about 27, 739 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for repairs under the warranties referenced above because it exhibited defects, nonconformities, maladjustments or malfunctions relating to low oil, oil leak, and other issues. This repair attempt was covered by one or more of the applicable warranties issued by MANUFACTURER.

**COMPLAINT FOR DAMAGES**

   f) On or about December 15, 2023, and at an odometer reading of or around 31,409 miles PLAINTIFF returned the SUBJECT VEHICLE to Defendants for repairs under the warranties referenced above because it exhibited defects, non-conformities, maladjustments or malfunctions relating to the engine, check engine light, rough idle, and other issues. This repair attempt was covered by one or more of the applicable warranties issued by MANUFACTURER.

   g) On or about March 25, 2024, and at an odometer reading of or around 33,319 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for repairs under the warranties referenced above because it exhibited defects, non-conformities, maladjustments or malfunctions relating to activation of the low oil level light. This repair attempt was covered by one or more of the applicable warranties issued by MANUFACTURER.

   h) On or about April 17, 2024, and at an odometer reading of or around 34,895 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for repairs under the warranties referenced above because it exhibited defects, non-conformities, maladjustments or malfunctions relating to low oil. This repair attempt was or should have been covered by one or more of the applicable warranties issued by MANUFACTURER.

   i) On or about May 14, 2024, and at an odometer reading of or around 35,947 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for repairs under the warranties referenced above because it exhibited defects, non-conformities, maladjustments or malfunctions relating to low oil in the vehicle. This repair attempt was or should have been covered by one or more of the applicable warranties issued by MANUFACTURER.

   j) On or about September 20, 2024, and at an odometer reading of or around 40,061 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for repairs under the warranties referenced above because it exhibited defects, non-conformities, maladjustments or malfunctions relating to engine. This repair attempt

1  was or should have been covered by one or more of the applicable warranties issued
2  by MANUFACTURER.
3        k) On or about October 21, 2024, and at an odometer reading of or around
4  41,140 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for
5  repairs under the warranties referenced above because it exhibited defects, non-
6  conformities, maladjustments or malfunctions relating to engine.  This repair attempt
7  was or should have been covered by one or more of the applicable warranties issued
8  by MANUFACTURER.
9        l) On or about November 26, 2024, and at an odometer reading of or
10 around 42,143 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants
11 for repairs under the warranties referenced above because it exhibited defects, non-
12 conformities, maladjustments or malfunctions relating to low oil in the vehicle.  This
13 repair attempt was or should have been covered by one or more of the applicable
14 warranties issued by MANUFACTURER.
15       m) On or about December 20, 2024, and at an odometer reading of or
16 around 43,141 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants
17 for repairs under the warranties referenced above because it exhibited defects, non-
18 conformities, maladjustments or malfunctions relating to low oil in the vehicle.  This
19 repair attempt was or should have been covered by one or more of the applicable
20 warranties issued by MANUFACTURER.
21       n) On or about January 11, 2025, and at an odometer reading of or around
22 44,128 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for
23 repairs under the warranties referenced above because it exhibited defects, non-
24 conformities, maladjustments or malfunctions relating to low oil in the vehicle.  This
25 repair attempt was or should have been covered by one or more of the applicable
26 warranties issued by MANUFACTURER.
27       o) On or about January 31, 2025, and at an odometer reading of or around
28 43,141 miles, PLAINTIFF returned the SUBJECT VEHICLE to Defendants for

repairs under the warranties referenced above because it exhibited defects, non-conformities, maladjustments or malfunctions relating to low oil in the vehicle. At this point PLAINTIFF determined that neither MANUFACTURER or its authorized dealers were capable of properly repairing the SUBJECT VEHICLE.

11. a) On each occasion on which the SUBJECT VEHICLE exhibited defects, nonconformities, misadjustments, or malfunctions, as hereinabove described, PLAINTIFF notified MANUFACTURER, through one of MANUFACTURER'S other authorized service and repair facilities, within a reasonable time after PLAINTIFF discovery thereof.

b On each occasion of notification, PLAINTIFF attempted to invoke the applicable warranties, demanding that the authorized repair facilities repair such nonconformities pursuant to the warranties.

12. a) On each such occasion, Defendants, and each of them, represented to PLAINTIFF that they could and would make the SUBJECT VEHICLE conform to the applicable warranties, and/or that they had successfully repaired the SUBJECT VEHICLE.

b) However, Defendants, and each of them, failed to make the SUBJECT VEHICLE conform to the applicable warranties, despite a reasonable number of attempts to do so.

13. PLAINTIFF discovered that Defendants, and each of them, were unable or unwilling to make the SUBJECT VEHICLE conform to the applicable warranties.

14. Despite having an affirmative obligation under the law to repair the SUBJECT VEHICLE, MANUFACTURER refused and was unable to do so. It was at this point when PLAINTIFF realized that MANUFACTURER was unable to conform the SUBJECT VEHICLE to the applicable warranties and/or repair the SUBJECT VEHICLE.

# FIRST CAUSE OF ACTION
## (Breach of Express Warranty Obligations)
### (Against Defendants GENERAL MOTORS, LLC Does 1 through 10, inclusive)

15. PLAINTIFF realleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by this reference as though fully set forth herein.

16. The actions of MANUFACTURER, and each of them, in failing to perform the proper repairs, parts replacements, and/or adjustments to make the SUBJECT VEHICLE conform to the applicable express warranties constitute a breach of the express warranties that MANUFACTURER provided to PLAINTIFF, thereby breaching MANUFACTURER's obligations under the express warranties.

17. As the result of the actions of MANUFACTURER and its authorized dealers, and each of them, PLAINTIFF is entitled to damages.

18. As a further result of the actions of MANUFACTURER, and pursuant to the applicable warranties, PLAINTIFF has sustained and is entitled to incidental damages in an amount yet to be determined, plus interest thereon at the legal rate.

19. As a further result of the actions of MANUFACTURER, PLAINTIFF has sustained and is entitled to consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.

20. a) MANUFACTURER and its agents, and each of them, failed to perform the necessary repairs or service in a good and workmanlike manner.

b) The actions taken by MANUFACTURER were insufficient to make the SUBJECT VEHICLE conform to the express warranties and/or proper operational characteristics of like vehicles, all in violation of MANUFACTURER's obligations.

21. Although MANUFACTURER was unable to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties after a

reasonable number of attempts, MANUFACTURER failed to take action to mitigate Plaintiff's damages or fix the SUBJECT VEHICLE.

22. MANUFACTURER knew of its obligations but intentionally failed or declined to fulfill them.

23. The failure of MANUFACTURER to make the SUBJECT VEHICLE conform to the applicable express warranties was willful, justifying an award of a Civil Penalty in an amount not to exceed two (2) times PLAINTIFF's actual damages.

24. a)   As a direct result of the actions of MANUFACTURER, and in pursuing PLAINTIFF'S claim, it was necessary for PLAINTIFF to retain legal counsel.

b)   PLAINTIFF is entitled to the recovery of attorneys' fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

## SECOND CAUSE OF ACTION
### (Breach of Implied Warranty Obligations)
### (Against Defendants GENERAL MOTORS, LLC Does 1 through 10, inclusive)

25. PLAINTIFF realleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though fully set forth at length herein.

26. At the time that MANUFACTURER distributed the SUBJECT VEHICLE into commerce, and at the time that PLAINTIFF acquired the SUBJECT VEHICLE, Defendants,
and each of them, impliedly warranted that the SUBJECT VEHICLE was merchantable.

27. The SUBJECT VEHICLE was not merchantable, as evidenced by the defects,
-9-

COMPLAINT FOR DAMAGES

non-conformities, maladjustments, and/or malfunctions as hereinabove alleged, some of which were latent or hidden defects not readily apparent until it became evident that MANUFACTURER could not repair the SUBJECT VEHICLE.

28. As the result of the actions of Defendants, and each of them, PLAINTIFF has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate.

29. As a further result of the actions of Defendants, and each of them, PLAINTIFF has sustained incidental damages in an amount yet to be determined, plus interest thereon at the legal rate.

30. As a further result of the actions of Defendants, and each of them, PLAINTIFF has sustained consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.

31. As a further result of the actions of Defendants, and each of them, PLAINTIFF has suffered damages related to the diminution in value of the SUBJECT VEHICLE.

32. As a direct result of the actions of Defendants, and each of them, and in pursuing PLAINTIFF's claim, it was necessary for PLAINTIFF to retain legal counsel. PLAINTIFF is entitled to the recovery of attorneys' fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

### THIRD CAUSE OF ACTION
**(Breach of Magnuson-Moss Warranty Act)**
**(Against Defendants GENERAL MOTORS, LLC Does 1 through 10, inclusive)**

33. PLAINTIFF realleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though fully set forth at length herein.

34. PLAINTIFF is a "consumer" as defined in the Magnuson-Moss Warranty

Act (hereinafter referred to as the "Mag-Moss Act") 15 U.S.C. § 2301(3).

35. Defendant GENERAL MOTORS, LLC is a "supplier" and "warrantor" as defined by the Mag-Moss Act, 15 U.S.C. § 2301(4), (5).

36. The subject vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

37. The subject vehicle was manufactured, sold, and purchased after July 4, 1975.

38. The express warranty given by defendant GENERAL MOTORS, LLC pertaining to the subject vehicle is a "Written Warranty" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(6), and the vehicle was accompanied by an implied warranty of merchantability.

39. The above-described failure to repair and/or properly repair the above-mentioned nonconformities, including failure to honor the written warranty, constitutes a breach of the written warranty by defendants, actionable under the Mag-Moss Act, 15 U.S.C. § 2310(d)(1), (2).

40. The Mag-Moss Act provides: "No supplier may disclaim or modify (except as provided in subsection (b)) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer Product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product." 15 USC § 2308(a).

41. Defendant GENERAL MOTORS, LLC did not and cannot disclaim or modify any implied warranties.

42. PLAINTIFF has met all obligations and preconditions in the bringing of this claim.

43. PLAINTIFF has suffered general, special, and actual damages as a direct and proximate result of the actions of Defendants. The amount of said damages are within the jurisdiction of this Court and are to be determined according to proof at

trial.

44. Under the Mag-Moss Act, PLAINTIFF is entitled to reimbursement of payments made, and/or diminution in value of the SUBJECT VEHICLE.

45. PLAINTIFF is entitled to all incidental, consequential, penalties, and general damages resulting from Defendants' failure to comply with its obligations under the Mag-Moss Act.

46. PLAINTIFF has been damaged by defendant Defendants' failure to comply with its express warranty and any other violations alleged herein. Thus, PLAINTIFF brings this claim pursuant to the Mag-Moss Act and seeks all remedies made available to said Act, including, but not limited to, California's Song-Beverly Act and the Commercial Code.

47. PLAINTIFF is entitled to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

### FOURTH CAUSE OF ACTION
**(Breach of Express Warranty Under the California Uniform Commercial Code)**
**(Against Defendants GENERAL MOTORS, LLC Does 1 through 10, inclusive)**

48. PLAINTIFF realleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though fully set forth at length herein.

49. PLAINTIFF is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 through 10, inclusive, and/or whether they have failed to commence repairs within a reasonable time and/or to complete them within 30 days. They are sued pursuant to Code of Civil Procedure section 474. When PLAINTIFF becomes aware of the true names and capacities of such Defendants, plaintiff will seek leave to amend this Complaint to state their true

names and capacities.

50. With the sale of the SUBJECT VEHICLE, Defendants promised to repair all defects relating to the materials or workmanship occurring during the warranty period.

51. The SUBJECT VEHICLE has suffered from nonconformity(s) to warranty to, including, but not limited to, engine, oil leak, excessive oil comsumption, and other issues. The foregoing defect(s) and nonconformity(s) to warranty manifested within the applicable express warranty period.

52. PLAINTIFF delivered the aforementioned SUBJECT VEHICLE to an authorized GENERAL MOTORS, LLC service and repair facility for repair of the aforementioned nonconformities on numerous occasions.

53. Defendants have been unable and/or have refused to conform the SUBJECT VEHICLE to the applicable express and implied warranties after a reasonable number of attempts. Therefore, the aforementioned nonconformities substantially impair the use, value and/or safety of the subject vehicle to PLAINTIFF.

54. PLAINTIFF has suffered general, special, and actual damages as a direct and proximate result of the actions of Defendants. The amount of said damages are within the jurisdiction of this Court and are to be determined according to proof at trial.

**FIFTH CAUSE OF ACTION**
**(Failure to Commence Repairs Within a Reasonable Time and to Complete Them)**
**(Against All Defendants)**

55. PLAINTIFF realleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though fully set forth at length herein.

56. PLAINTIFF is ignorant of the true names and capacities of the

-13-

Defendants sued under the fictitious names DOES 1 through 10, inclusive, and/or whether they have failed to commence repairs within a reasonable time and/or to complete them within 30 days. They are sued pursuant to Code of Civil Procedure section 474. When PLAINTIFF becomes aware of the true names and capacities of such Defendants, PLAINTIFF will seek leave to amend this Complaint to state their true names and capacities.

57. Although PLAINTIFF delivered the subject vehicle to defendant GENERAL MOTORS, LLC's authorized service and repair facilities in the State of California and may continue to do so even after this lawsuit is filed, defendant GENERAL MOTORS, LLC and its authorized service and repair facilities failed to commence the service or repairs within a reasonable time and failed to service or repair the subject vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2(b). Since the purchase of the SUBJECT VEHICLE by PLAINTIFF, the SUBJECT VEHICLE has been out of service during failed repair attempts for more than 30 cumulative days. PLAINTIFF did not extend the time for completion of repairs beyond the 30-day requirement imposed by the Act.

58. PLAINTIFF has been damaged by Defendants' failure to comply with their obligations under Civil Code § 1793.2(b), and therefore brings this claim pursuant to section 1794.

59. Defendants' failure to comply with their obligations under section 1793.2(b) was willful, in that Defendants and their representatives were aware that they were obligated to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, PLAINTIFF is entitled to a civil penalty of two times plaintiff's actual damages under section 1794(c).

///

///

## SIXTH CAUSE OF ACTION
### (Failure to Repair in a Good and Workmanlike Manner)
### (Against All Defendants)

60. PLAINTIFF realleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though fully set forth at length herein.

61. PLAINTIFF is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 through 10, inclusive, and/or whether they have failed to commence repairs within a reasonable time and/or to complete them within 30 days. They are sued pursuant to Code of Civil Procedure section 474. When plaintiff becomes aware of the true names and capacities of such Defendants, plaintiff will seek leave to amend this Complaint to state their true names and capacities.

62. Defendants are an individual, partnership, corporation, association, or other legal relationship which engages in the business of providing service or repair to new or used consumer goods.

63. Defendants each have a duty to the purchaser to perform those services in a good and workmanlike manner.

64. Defendants have not performed services or repair to the SUBJECT VEHICLE in a good and workmanlike manner, causing damages to PLAINTIFF.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

1. For damages related to diminution in value, according to proof;
2. For damages related to Defendants' failure to repair the SUBJECT VEHICLE, according to proof;
3. For incidental and consequential damages, according to proof;
4. For prejudgment interest at the legal rate;

5.    For a civil penalty in an amount not to exceed two (2) times the amount of PLAINTIFF's actual damages;

6.    For attorneys' fees based upon actual time expended, according to proof;

7.    For all costs and expenses of suit incurred; and,

8.    For such other and further relief as this Court may deem just and proper.

Date: May 14, 2025               **JOSEPH KAUFMAN & ASSOCIATES, INC.**

By: _____
JOSEPH A. KAUFMAN
ISAAC S. AGYEMAN
Attorneys for Plaintiff
MARIANA STRAMIELLO